'O'

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SHAYNE WALLACE,

           Plaintiff,

    v.

LOUIS DEJOY, POSTMASTER
GENERAL OF THE UNITED
STATES POSTAL SERVICE, ET
AL.,

          Defendants.

CV 21-08885-RSWL-SKx

**ORDER re: MOTION TO DISMISS, MOTION TO STRIKE** [21], **AND REQUEST FOR JUDICIAL NOTICE** [21-1]

    Plaintiff Shayne Wallace ("Plaintiff") brought the instant Action against Defendant Louis DeJoy, the Postmaster General of the United States Postal Service ("Defendant"), alleging racial discrimination, gender discrimination, retaliation, harassment, disability discrimination, and failure to accommodate.  Currently before the Court is Plaintiff's Motion to Dismiss, Motion to Strike [21] ("Motion"), and Request for

1

Judicial Notice [21-1].

Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **GRANTS** Defendant's Motion to Dismiss **with leave to amend, DENIES** Defendant's Motion to Strike, and **GRANTS** Defendant's Request for Judicial Notice.

**I.   BACKGROUND**

**A.   <u>Factual Background</u>**

Defendant hired Plaintiff to be a city carrier assistant in 2015.  First Amended Complaint ("FAC") ¶ 9, ECF No. 19.[1]  Prior to September 19, 2019, Plaintiff filed at least seven Equal Employment Opportunity complaints ("EEO complaints") against her supervisor and Defendant.  <u>Id.</u> ¶ 13.  Plaintiff alleges that her supervisor became aware of the EEO complaints and as a result, intentionally and purposely retaliated and harassed Plaintiff.  <u>Id.</u>

Plaintiff references a now time-barred incident occurring in 2019, and states that subsequent to this incident, she "was again subjected to harassment, retaliation, and discrimination by Defendant."  <u>Id.</u> ¶ 12.

Plaintiff also asserts that "[d]uring this time period," she suffered from a "medical

---

[1] It is unclear why there are two First Amended Complaint entries on the docket [18 and 19].  The Court reviewed both filings and refers to the second filing as the FAC throughout this Order.

condition/disability" that included "panic attacks, stress, and other symptoms," and was placed on medical leave.  Id. ¶ 14.  Defendant required Plaintiff to submit medical leave documentation directly to her supervisor.  Id.  Plaintiff alleges she submitted medical leave documentation and that her supervisor stopped accepting the documentation, wrote her up, suspended her, attempted to terminate her, and forced her to return from medical leave against her provider's orders.  Id.

Next, Plaintiff states that on several occasions, she requested Defendant reassign her to a different facility so she could avoid her supervisor, but Defendant failed to act.  Id. ¶ 15.  Plaintiff eventually requested a civil restraining order against her supervisor from the Los Angeles Superior Court.  Id.

Plaintiff now alleges that she exhausted administrative remedies for her current claims but did not provide the date that she initiated Equal Employment Opportunity Commission ("EEOC") contact, nor the dates of the alleged misconduct.  Id. ¶ 8.  Defendant contends that Plaintiff initiated contact with the EEOC on July 7, 2020, so her allegations regarding incidents that occurred prior to May 23, 2020, are time-barred.  Mot. 6:22-23, ECF No. 21 (citing Decl. of Haley 2:3-4, ECF No. 21-2).

**B.   Procedural Background**

Plaintiff filed her FAC [19] on July 29, 2022.

1  Defendant filed the instant Motion [21] on August 12,

2  2022.  Plaintiff opposed [22] the Motion on August 19,

3  2022.  Defendant replied [23] on August 30, 2022.

## II.  DISCUSSION

**A.  <u>Legal Standard</u>**

    1.  <u>Motion to Dismiss</u>

    Federal Rule of Civil Procedure ("Rule") 12(b)(6)
allows a party to move for dismissal of one or more
claims if the pleading fails to state a claim upon which
relief can be granted.  A complaint must "contain
sufficient factual matter, accepted as true, to state a
claim to relief that is plausible on its face."
<u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quotation
omitted).  Dismissal is warranted for a "lack of a
cognizable legal theory or the absence of sufficient
facts alleged under a cognizable legal theory."
<u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699
(9th Cir. 1988) (citation omitted).

    In ruling on a 12(b)(6) motion, a court may
generally consider only allegations contained in the
pleadings, exhibits attached to the complaint, and
matters properly subject to judicial notice.  <u>Swartz v.
KPMG LLP</u>, 476 F.3d 756, 763 (9th Cir. 2007); <u>see also
White v. Mayflower Transit, LLC</u>, 481 F. Supp. 2d 1105,
1107 (C.D. Cal 2007), <u>aff'd sub nom.</u> <u>White v. Mayflower
Transit, L.L.C.</u>, 543 F.3d 581 (9th Cir. 2008). ("unless
a court converts a Rule 12(b)(6) motion into a motion
for summary judgment, a court cannot consider material

1  outside of the complaint (*e.g.*, facts presented in
2  briefs, affidavits, or discovery materials").

3      A court must presume all factual allegations of
4  the complaint to be true and draw all reasonable
5  inferences in favor of the non-moving party.  Klarfeld
6  v. United States, 944 F.2d 583, 585 (9th Cir. 1991).
7  "[T]he issue is not whether a plaintiff will ultimately
8  prevail but whether the claimant is entitled to offer
9  evidence to support the claims."  Jackson v. Birmingham
10 Bd. of Educ., 544 U.S. 167, 184 (2005) (quoting Scheuer
11 v. Rhodes, 416 U.S. 232, 236 (1974)).  While a complaint
12 need not contain detailed factual allegations, a
13 plaintiff must provide more than "labels and
14 conclusions" or "a formulaic recitation of the elements
15 of a cause of action."  Bell Atl. Corp. v. Twombly, 550
16 U.S. 544, 555 (2007).  However, "a well-pleaded
17 complaint may proceed even if it strikes a savvy judge
18 that actual proof of those facts is improbable, and
19 'that a recovery is very remote and unlikely.'"  Id. at
20 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236
21 (1974)).

22     2.  Motion to Strike
23     Under Federal Rule of Procedure 12(f), the Court
24 may, by motion or sua sponte, strike "an insufficient
25 defense or any redundant, immaterial, impertinent or
26 scandalous matter" from the pleadings.  The purpose of
27 12(f) is "to avoid the expenditure of time and money
28 that must arise from litigating spurious issues by

dispensing with those issues prior to trial." _Whittlestone, Inc. v. Handi-Craft Co._, 618 F.3d 970, 973 (9th Cir. 2010) (quoting _Fantasy, Inc. v. Fogerty_, 984 F.2d 1524, 1527 (9th Cir. 1993)). "Immaterial" matters have no bearing on the controversy. _See_ _Fantasy_, 984 F.2d at 1527. "Motions to strike are generally disfavored." _Leghorn v. Wells Fargo Bank, N.A._, 950 F. Supp. 2d 1093, 1122 (N.D. Cal. 2013) (citation omitted); _see also_ _Sapiro v. Encompass Ins._, 221 F.R.D. 513, 518 (N.D. Cal. 2004) ("Courts have long disfavored Rule 12(f) motions, granting them only when necessary to discourage parties from making completely tendentious or spurious allegations."). "If there is _any doubt_ as to whether the allegations might be an issue in the action, courts will deny the motion." _In re 2TheMart.com, Inc. Sec. Litig._, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

The grounds for a motion to strike must appear on the face of the pleading under attack or from matters which the court may judicially notice. _SEC v. Sands_, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995). In addition, the Court must view the pleadings in the light most favorable to the pleading party. _In re 2TheMart.com, Inc. Sec. Litig._, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000). As a result, motions to strike are infrequently granted. _Freeman v. ABC Legal Servs., Inc._, 877 F. Supp. 2d 919, 923 (N.D. Cal. 2012). "[C]ourts frequently require the moving party to demonstrate prejudice before granting the requested relief, and

6

ultimately whether to grant a motion to strike falls on
the sound discretion of the district court." Cook v.
Cnty. of Los Angeles, No. CV 19-2417 JVS (KLSx), 2021 WL
1502704, at *2 (C.D. Cal. Mar. 31, 2021) (internal
quotation marks and citation omitted).

If a claim is stricken, leave to amend should be
freely given when doing so would not prejudice the
opposing party. Vogel v. Huntington Oaks Del. Partners,
LLC, 291 F.R.D. 438, 440 (C.D. Cal. 2013) (citing Wyshak
v. City Nat'l Bank, 607 F.2d 824, 826 (9th Cir. 1979)).

**B.   Analysis**

1.   Judicial Notice

Defendant requests the Court take judicial notice
of the EEO Alternative Dispute Resolution Specialist
Inquiry Report and the Letter of Acceptance for
Investigation for Agency Case Number 4F-900-0247-20.
See Def.'s Req. for Judicial Notice, ECF No. 21-1; Decl.
of Marissa Haley, Exs. 1 and 2, ECF No. 21-2. Plaintiff
asserts that Defendant's Request for Judicial Notice "is
an incomplete and partial representation of Plaintiff's
EEO Complaint," but fails to specify how it is partial
or incomplete. Pl.'s Opp'n to Mot. ("Opp'n.") 2:23-26.
Plaintiff also provides an EEO Complaint dated October
14, 2020, a Notice of Right to File Individual Complaint
for Case Number 4F-900-0247-20, and an EEO Alternative
Dispute Resolution Specialist's Inquiry Report for Case
Number 4F-900-0247-20 (collectively, the "EEOC Charge").
See Decl. of Christopher Ellison ("Decl. of Ellison"),

1    Exs. D and E, ECF No. 22-2.

2        A court may take judicial notice of "a fact that is

3    not subject to reasonable dispute because it: (1) is

4    generally known within the court's territorial

5    jurisdiction; or (2) can be accurately and readily

6    determined from sources whose accuracy cannot reasonably

7    be questioned."  Fed. R. Evid. 201(b).  Courts may also

8    take judicial notice of administrative bodies' records

9    and reports.  Anderson v. Holder, 673 F.3d 1089, 1094

10   n.1 (9th Cir. 2012).  "This includes EEOC charges."

11   Griggs v. Sacramento City Unified Sch. Dist., No. 2:20-

12   CV-0724-KJM-JDP, 2021 WL 1614405, at *1 (E.D. Cal. Apr.

13   26, 2021); accord Lacayo v. Donahoe, No. 14-CV-04077-

14   JSC, 2015 WL 993448, at *9 (N.D. Cal. Mar. 4, 2015)

15   (holding that in employment discrimination cases, "it is

16   well established that courts may consider the

17   administrative record of a plaintiff's claims before the

18   EEOC as judicially noticeable matters of public

19   record"); see also Dornell v. City of San Mateo, 19 F.

20   Supp. 3d 900, 904 n.3 (N.D. Cal. 2013) (finding judicial

21   notice appropriate for EEOC charges as "public records

22   whose accuracy is not in dispute"); Hellmann-Blumberg v.

23   Univ. of Pac., No. 2:12-CV-00286-GEB, 2013 WL 1326469,

24   at *1 (E.D. Cal. Mar. 29, 2013) (granting judicial

25   notice of an EEOC right to sue letter and EEOC charge as

26   "public records subject to judicial notice").

27       The Court takes judicial notice of the parties'

28   proffered documents because they constitute EEOC

records, reports, and documentation and therefore are judicially noticeable matters of public record. Thus, for the current Motion, the Court may consider the EEOC documents. <u>See</u> <u>Swartz v. KPMG LLP</u>, 476 F.3d at 763 (a court may consider matters properly subject to judicial notice when ruling on a 12(b)(6) motion); <u>Hellman-Blumberg</u>, 2013 WL 1326469, at *4 (considering a plaintiff's factual statements and her EEOC Charge).

   2.  <u>Motion to Dismiss</u>

   Defendant asserts that Plaintiff's claims are untimely and asks the Court to instruct Plaintiff to provide dates of the alleged misconduct in the event that the Court dismisses Plaintiff's claims with leave to amend. <u>See generally</u> Def.'s Mot. to Dismiss ("Mot."), ECF No. 21. Plaintiff counters that she has only included untimely information to provide context, but fails to specify which allegations are to be used solely for context. <u>See generally</u> Opp'n. For the foregoing reasons, the Court declines to determine whether each of Plaintiff's allegations are timely, and instead **DISMISSES** Plaintiff's claims **with leave to amend** for failure to state a claim upon which relief can be granted.

   Plaintiff's claims arise under Title VII and the Rehabilitation Act. Title VII prohibits employment practices that discriminate on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 200e-16. The Rehabilitation Act adopted the rights, remedies, and

1   procedures of Title VII and made them applicable to

2   disabled persons.  <u>See</u> 29 U.S.C. §794(a)(1).

3   Accordingly, the same EEOC regulations apply to claims

4   under Title VII and the Rehabilitation Act.  29 C.F.R.

5   § 1614.103(a).

6       Before filing Title VII and Rehabilitation Act

7   complaints in federal court, federal employees must

8   exhaust administrative remedies by consulting an EEO

9   counselor within forty-five days of the allegedly

10  unlawful conduct.  <u>See</u> 29 C.F.R. § 1614.105(a);

11  <u>Sommatino v. United States</u>, 255 F.3d 704, 708 (9th Cir.

12  2001); <u>Cherosky v. Henderson</u>, 330 F.3d 1243, 1245

13  (9th Cir. 2003).  "Failure to comply with this

14  regulation is 'fatal' to . . . a claim." <u>Cherosky</u>,

15  330 F.3d at 1245 (quoting <u>Lyons v. England</u>, 307 F.3d

16  1092, 1105 (9th Cir. 2002)).

17      The Court can only assess claims that (1) were

18  alleged in the EEOC Charge and accepted for

19  investigation, (2) are reasonably related to the

20  allegations in the EEOC Charge, or (3) fall within an

21  investigation that can reasonably be expected to grow

22  out of the charges.  <u>Sommatino</u>, 255 F.3d at 708 (9th

23  Cir. 2001).

24      Here, Plaintiff did not exhaust administrative

25  remedies for several allegations in her Complaint.  <u>See</u>

26  FAC ¶¶ 11-12; Opp'n. 6:3-4.  In fact, Plaintiff already

27  filed a claim pertaining to those allegations, and the

28  Honorable Dean D. Pregerson of the United States

District Court for the Central District of California dismissed the claim with prejudice for lack of subject matter jurisdiction due to failure to exhaust administrative remedies.[2]  See Decl. of Ellison, Ex. A, ECF No. 22-2.  Plaintiff still pled those incidents in this Action, though she later conceded that "some of the alleged harassing conduct occurred outside of the statutory time period."  FAC ¶¶ 10-13; Opp'n. 6:3-4.  Accordingly, these prior incidents are not actionable, and the Court's discussion centers on her remaining allegations.

Plaintiff exhausted her administrative remedies with respect to only four discrete events that the EEOC accepted for investigation.  Decl. of Ellison, Ex. E, at 00011.[3]  Plaintiff's allegations that are not clearly

---

[2] Plaintiff received a Notice of Right to File her formal EEO complaint on December 19, 2019, and had to file her complaint within fifteen days after receipt of the Notice.  See Decl. of Ellison, Ex. A at 3-4.  Plaintiff proceeded to untimely file her EEO complaint on January 11, 2020.  See id.  And where "a complainant fails to file a timely formal complaint, the complainant has failed to exhaust her administrative remedies." See Leorna v. U.S. Dep't of State, 105 F.3d 548 (9th Cir. 1997). Judge Pregerson therefore dismissed Plaintiff's claims.  See Decl. of Ellison, Ex. A.

[3] The first discrimination claim stated that "management issued [Plaintiff] a Notice of Removal for Failure to Maintain Regular Attendance" on June 15, 2020.  Decl. of Ellison, Ex. E, at 00011.  Next, Plaintiff alleged that on July 7, 2020, Plaintiff's "supervisor continued to harass her . . . based on the supervisor's personal agenda."  Id.  Third, "management sent [Plaintiff] home for wearing . . . inappropriate uniform and footwear" from September 15, 2020, through September 17, 2020. Id.  Lastly, Plaintiff contended that "management failed to accommodate her medical condition and physical disability" on an unspecified date.  Id.

1  time-barred will only be deemed timely if they fall
2  within these four discrete events, relate to the events,
3  or are reasonably likely to be discovered in an
4  investigation of these events.  Regardless of whether
5  Plaintiff's allegations fall within, relate to, or would
6  be discovered in an investigation of these events, she
7  still has not pled plausible claims for relief.  The
8  Court therefore declines to address whether Plaintiff
9  has exhausted her administrative remedies with respect
10 to her current allegations.  The Court addresses
11 Plaintiff's claims in turn.

           a.  <u>Title VII Claims</u>
                i.  <u>Claims One and Two: Racial and Gender</u>
                    <u>Discrimination</u>

15      To establish a prima facie disparate treatment
16 case, plaintiffs must offer evidence "(1) that they
17 [belong to] a protected class; (2) that they were
18 qualified for their positions and perform[ed] their jobs
19 satisfactorily; (3) that they experienced adverse
20 employment actions; and (4) that 'similarly situated
21 individuals outside [their] protected class were treated
22 more favorably, or other circumstances surrounding the
23 adverse employment action give rise to an inference of
24 discrimination.'"  <u>Hawn v. Exec. Jet Mgmt., Inc.</u>,
25 615 F.3d 1151, 1156 (9th Cir. 2010) (quoting <u>Peterson v.</u>
26 <u>Hewlett-Packard Co.</u>, 358 F.3d 599, 603 (9th Cir. 2004)).
27 Each "adverse employment action[]" must be adequately
28 supported by "specific factual support."  <u>Mohsin v.</u>

California Dep't of Water Res., 52 F. Supp. 3d 1006,
1013-14 (E.D. Cal. 2014).  A plaintiff can use either
direct or circumstantial evidence of discriminatory
intent to satisfy their prima facie burden.  Godwin,
150 F.3d 1217, 1220 (9th Cir. 1998).

Importantly, a plaintiff is not required to plead a
prima facie case of discrimination to survive a motion
to dismiss.  Sheppard v. David Evans & Assoc., 694 F.3d
1045, 1050 n.2 (9th Cir. 2012).  Instead, courts look to
the elements of the prima facie case to decide, in light
of judicial experience and common sense, whether the
challenged complaint contains sufficient factual matter,
accepted as true, to state a claim for relief that is
plausible on its face.  See id.

Here, the Court finds Plaintiff's allegations are
insufficient to establish plausible discrimination
claims because her only possibly timely allegations lack
specific factual support.  Plaintiff states that after
September 2019, she was subjected to "harassment,
retaliation and discrimination by Defendant."  Id. ¶ 13.
She also alleges that after her supervisor became aware
of the EEO complaints she filed prior to September 19,
2019, her supervisor became "more aggressive, harassing,
hostile, and retaliatory towards Plaintiff."  Id.  But
Plaintiff "must plead factual content that allows the
[C]ourt to draw a reasonable inference that the
[D]efendant is liable for the misconduct alleged."
Mohsin, 52 F. Supp. 3d at 1013-14; see also Iqbal,

556 U.S. at 678 ("A pleading that offers 'labels and conclusions'" or "'naked assertion[s]' devoid of 'further factual enhancement'" fails to state a claim) (quoting Twombly, 550 U.S. at 555-57).  And here, Plaintiff's conclusory contentions are inadequate to state a claim upon which relief can be granted under Rule 12(b)(6).  See Mohsin, 52 F. Supp. 3d at 1013-14 (finding bare allegations of defendant "retaliating" and "refusing to provide" reasonable accommodations insufficient to state a claim).

### ii.   Claim Three: Retaliation

To establish a prima facie retaliation claim, federal employees must show (1) they engaged in protected activity; (2) their employer subjected them to an adverse employment action; (3) and a causal link exists between the protected activity and the adverse action.  Ray v. Henderson, 217 F.3d 1234, 1240 (9th Cir. 2000).  The EEOC interprets adverse employment action as any adverse treatment based on a retaliatory motive reasonably likely to deter the party or others from engaging in protected activity; accordingly, the Ninth Circuit defines adverse employment action broadly.  Id. at 1240, 1243.

Here, Plaintiff has not pled a plausible Title VII retaliation claim.  Plaintiff alleges that after her supervisor learned of Plaintiff's EEO complaints, she became "more aggressive, harassing, hostile, and retaliatory towards Plaintiff" and "intentionally and

1   purposely retaliated and harassed Plaintiff due to the

2   filing" of the EEO complaints without specifying what

3   actions constitute retaliation.  FAC ¶ 13.  Just as with

4   Plaintiff's discriminations claims, here, Plaintiff's

5   assertions are unsupported by specific facts and

6   therefore do not state a plausible claim.  See Mohsin,

7   52 F. Supp. 3d at 1013-14 (finding the plaintiff did not

8   plead a plausible claim where she asserted only that

9   defendant was "retaliating" against her without

10  providing factual support).

11              iii.  Claim Four: Harassment

12      To establish a prima facie Title VII claim for

13  harassment resulting in a hostile work environment,

14  federal employees must allege that (1) they were

15  subjected to verbal or physical conduct of a racial or

16  sexual nature because of their identity in a protected

17  category, (2) the conduct was unwelcome, and (3) the

18  conduct was sufficiently severe or pervasive to alter

19  the conditions of employment.  Manatt v. Bank of Am.,

20  NA, 339 F.3d 792, 798 (9th Cir. 2003); Vasquez v. Cnty.

21  of Los Angeles, 349 F.3d 634, 642 (9th Cir. 2003), as

22  amended (Jan. 2, 2004).

23      Plaintiff has not alleged a plausible harassment

24  claim.  Once again, Plaintiff's only potentially timely

25  allegations are conclusory and without factual support.

26  Indeed, Plaintiff makes the same bare allegations of

27  harassment, discrimination, aggression, hostility, and

28  retaliation without identifying specific facts.  FAC

1 ¶¶ 12-13.  Thus, Plaintiff's allegations do not amount
2 to a plausible harassment claim.

3       b.  <u>Rehabilitation Act Claims</u>

4           i.  <u>Claim Five: Failure to Accommodate</u>
5               <u>Disability</u>

6     In determining whether an employee has stated a
7 claim for failure to accommodate under the
8 Rehabilitation Act, courts look to the "substantive
9 standards of liability under the ADA."  <u>Blanchard v.</u>
10 <u>LaHood</u>, 2010 WL 11508016, at *5 (C.D. Cal. Mar. 8,
11 2010), <u>aff'd</u>, 461 F. App'x 542 (9th Cir. 2011).  A prima
12 facie case of failure to accommodate under the
13 Rehabilitation Act requires a plaintiff to establish
14 that: (1) she was disabled within the meaning of the
15 ADA; (2) the employer had notice of her disability;
16 (3) she is otherwise qualified to perform the essential
17 functions of her job; and (4) despite its knowledge of
18 her disability, the employer did not offer reasonable
19 accommodations.  <u>See</u> <u>id.</u>  If "an employee requests
20 accommodation[,] . . . the employer must engage in an
21 interactive process to find a reasonable accommodation."
22 <u>Id.</u>

23     Plaintiff has not alleged a plausible failure to
24 accommodate claim.  The ADA defines disability as "a
25 physical or mental impairment that substantially limits
26 one or more major life activities of [an] individual."
27 29 C.F.R. § 1630.2; 42 U.S.C. § 12102(1)(A).  "Major
28 life activities" include "working."  42 U.S.C.

1   § 12102(1)(B).  Plaintiff alleges she suffered "panic
2   attacks, stress, and other symptoms" and that her
3   medical provider placed her "on medical leave."  FAC
4   ¶ 14.  She also asserts that her supervisor "caused
5   [her] the panic attacks and stress."  Id.  Moreover, it
6   appears the accommodations she requested were additional
7   medical leave and reassignment to a different facility
8   to "avoid and prevent the unlawful actions of her
9   supervisor."  Id. ¶¶ 14-15.
10      But Plaintiff does not plead that her "panic
11  attacks, stress, and other symptoms" substantially limit
12  her major life activities.  Instead, she makes
13  conclusory statements lacking factual support.  Indeed,
14  she contends that "[a]s a result of [her] disability,
15  [she] was unable to perform the essential functions of
16  her job position without reasonable accommodation"
17  without specifying facts to support this claim.  Id.
18  ¶ 44.  And to the extent that she is insinuating that
19  she is prevented from working under her supervisor but
20  could work in another facility under a different
21  supervisor, she still fails to show substantial
22  impairment.  See Potter v. Xerox Corp., 1 F. App'x 34,
23  35 (2d Cir. 2001) (holding that an employee who was
24  prevented from working under his supervisor due to his
25  depression, anxiety, and panic attacks was not
26  substantially impaired in his ability to engage in major
27  life activity of working and thus was not "disabled.").
28  Thus, Plaintiff has not stated a plausible claim for

1   failure to accommodate.

2                 ii.   Claim Six: Disability Discrimination

3       The Rehabilitation Act provides that "no otherwise

4   qualified individual with a disability in the United

5   States . . . shall, solely by reason of her or his

6   disability, be excluded from the participation in, be

7   denied the benefits of, or be subjected to

8   discrimination under any program or activity receiving

9   Federal financial assistance."  29 U.S.C. § 794(a).  To

10  establish discrimination on the basis of disability, a

11  plaintiff must show that (1) she is disabled under the

12  Act; (2) she is otherwise qualified; and (3) she

13  suffered an adverse employment action because of her

14  disability.  See Snead v. Metro Prop. & Cas. Ins.,

15  237 F.3d 1080, 1087 (9th Cir. 2001).

16      Plaintiff fails to establish that she suffered an

17  adverse employment action due to her alleged disability.

18  Plaintiff states that she was "was subject to adverse

19  employment actions and treated less favorably than those

20  similarly situated employees who were not part of

21  [P]laintiff's protected class."  FAC ¶ 50.  But

22  Plaintiff fails to provide facts supporting her

23  statement and has not shown that any adverse employment

24  actions she may have experienced occurred due to her

25  alleged disability.  Plaintiff instead asserts that she

26  was subject to harassment and retaliation due to her

27  EEOC complaints.  Id. ¶ 13.  She also states that she

28  was "subjected to harassment, retaliation and

discrimination by Defendant," but does not claim
Defendant's conduct was motivated by discriminatory
intent related to her alleged disability.  Id. ¶ 12.
Finally, Plaintiff contends that "Defendant refused to
provide [reasonable] accommodation[s]," but this
assertion does not show that Defendant denied
accommodations due to animus toward Plaintiff's alleged
disability.  Therefore, Plaintiff has failed to state a
plausible claim for relief on her disability
discrimination claim.

    3.   Leave to Amend

    "Where a motion to dismiss is granted, a district
court must decide whether to grant leave to amend."
Winebarger v. Pennsylvania Higher Educ. Assistance
Agency, 411 F. Supp. 3d 1070, 1082 (C.D. Cal. 2019).
"The court should give leave [to amend] freely when
justice so requires."  Fed. R. Civ. P. 15(a)(2).  In the
Ninth Circuit, "Rule 15's policy of favoring amendments
to pleadings should be applied with 'extreme
liberality.'"  United States v. Webb, 655 F.2d 977, 979
(9th Cir. 1981).  Against this extremely liberal
standard, the Court may consider "the presence of any of
four factors: bad faith, undue delay, prejudice to the
opposing party, and/or futility."  Owens v. Kaiser
Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir.
2001).

    Here, leave to amend Plaintiff's claims should be
granted because Plaintiff can cure her claims by

1   pleading specific facts supporting her claims.  There is

2   no evidence of bad faith or undue delay by Plaintiff,

3   nor potential prejudice to Defendant by allowing

4   amendment.  The Court therefore **GRANTS** Defendant's

5   Motion to Dismiss Plaintiff's claims **with leave to**

6   **amend.**

7       4.  <u>Motion to Strike</u>

8       Under Rule 12(f), a court may strike "immaterial"

9   matter that has no bearing on the controversy.  <u>See</u>

10  <u>Fantasy</u>, 984 F.2d at 1527.  However, "[i]f there is *any*

11  *doubt* as to whether the allegations might be an issue in

12  the action, courts will deny the motion."  <u>2TheMart.com</u>,

13  114 F. Supp. 2d at 965.

14      Here, Defendant requested the Court strike

15  allegations of the September 2019 incidents as time-

16  barred and Defendant's failure to accommodate

17  Plaintiff's reassignment requests for not appearing in

18  the EEO investigation.  Mot. 6:25-7:8; <u>see also</u> FAC

19  ¶¶ 11-12, 15.  However, prior acts can constitute

20  background evidence or "circumstances [that] give rise

21  to an inference of discrimination" for disparate

22  treatment claims.[4]  <u>See</u> <u>Nat'l R.R. Passenger Corp. v.</u>

23  _____

24      [4] The Court currently declines to assess whether the time-
    barred 2019 incidents serve as background for her potentially
25  timely allegations because these allegations are nonetheless
    insufficient to state a plausible claim.  <u>See generally</u> Compl.
26  Regardless, Defendant argues that Plaintiff has not clearly shown
    that any of her claims are timely.  <u>See generally</u> Mot.  While the
27  EEOC has accepted some of Plaintiff's claims for investigation,
    the undated allegations in her Complaint make it difficult to
28  discern whether her claims fall within or reasonably relate to

1  <u>Morgan</u>, 536 U.S. 101, 113 (2002); <u>McDonnell Douglas</u>

2  <u>Corp. v. Green</u>, 411 U.S. 792, 802 (1973).  The Court

3  should not determine that there is "no doubt" as to

4  whether either will impact the amended Action.

5  Therefore, the Court **DENIES** the motion to strike.

6  **III.   CONCLUSION**

7      Based on the foregoing, the Court **GRANTS**

8  Defendant's Motion to Dismiss Claim **with leave to amend,**

9  **DENIES** Defendant's Motion to Strike, and **GRANTS**

10  Defendant's Request for Judicial Notice.  Plaintiff may

11  file an amended complaint by no later than **November 20,**

12  **2022.**

13

14      **IT IS SO ORDERED.**

15

16  DATED: October 24, 2022      _____

                                 /S/ RONALD S.W. LEW

17                               **HONORABLE RONALD S.W. LEW**
                                 Senior U.S. District Judge

18

19

20

21

22

23

24

25

26
   _____

27  her EEO complaint.  The Court therefore advises Plaintiff to
    include specific factual information, including the dates of the
28  purported incidents, in her Second Amended Complaint.